## ELY *v.* HAGER.

In an action on a bond against one of two joint and several obligors, the obligor not sued is a competent witness for the defendant under the plea of *non est factum*.

But if his testimony do not sustain the plea, the judgment will not be reversed, although the witness was rejected.

ERROR to the Common Pleas of Berks county.

*June* 9. Jacob Hager brought an action of debt in that court, against the administrator of Samuel Ely, sen., deceased, on four joint and several bonds, given by Samuel Ely, jun., and Samuel Ely, sen., to the plaintiff. The bonds were in the usual form, and in the body of the instruments the names of both of the obligors were written. The defendant pleaded *non est factum*, and upon this plea the cause came on for trial. The plaintiff, having first given evidence to prove the execution and delivery of the bonds, gave the same in evidence.

The defendant proved, that Samuel Ely, jun., was duly subpœnaed as a witness, and that his attendance could not be procured. He then gave in evidence a full release from Samuel Ely, jun., to the estate of his deceased father, Samuel Ely, sen., executed and delivered before the deposition of the said Samuel Ely, jun., was taken. He then offered to read the deposition of Samuel Ely, jun. The court rejected the deposition, on the ground that the witness was a co-obligor in the bonds, and therefore incompetent. To this decision of the court the defendant excepted, and assigns it as error here.

Samuel Ely, jun., in his deposition, said, that he purchased a farm from Jacob Hager, and gave him the bonds in part payment; that he executed them, but that his father, Samuel Ely, sen., was not present when they were executed; that Hager required bail, and he refused to give bail, because it was no part of their contract; that he had possession of the farm before the bonds were executed. The defendant then asked the following question: "Did your father sign these bonds?" Answer: "I cannot say, but at that time he did not." On his cross-examination, he said, that his name is first in all the bonds; that he was acquainted with his father's handwriting; that the second name in all the bonds looked like his father's handwriting; that the bonds were left with the scrivener, and that eight days afterwards his father had not yet signed the bonds.

*Hoffman* and *Darling*, for plaintiff in error.—Under the pleadings

the witness was competent. If the plaintiff succeeds, he is liable to the defendant; and if the defendant succeeds, he remains liable to the plaintiff, as a several obligor. His interest is therefore balanced, He gets rid of no responsibility by the event of this suit. As principal debtor, he is under no legal obligation to pay costs to a surety, who suffers himself to be sued before he pays.

*Smith*, for defendant in error.—Both the names of the obligors are written in the body of the bonds. This is conclusive, that they were to be executed by both, and if one do not, he, who does, is not bound. No action can be sustained on a deed or specialty so imperfect; although assumpsit will be supported in some cases. If, therefore, the bonds are condemned under the pleadings in this suit, no after suit on the bonds against the witness can be supported. 4 Cranch, 219; 4 Watts, 21; 17 Mass. 591; 2 Pick. 24; 3 Esp. 42; 6 Durnf. & East, 176; 1 Chit. Pl. 95; Gibson, J., 5 Serg. & Rawle, 438; and Houston, J., 1 Rawle, 399.

If the plaintiff succeeds, and defendant has paid off the judgment, he will recover from the witness the amount paid, with interest from the time of payment; that is, interest on interest; but if the defendant succeeds, and the witness remain liable, it will only be for the amount of the bonds with interest from the time they become due and payable. His interest is therefore not balanced. Endorsers or sureties have a legal and equitable right, to call on their principals for reimbursement for all costs that are legally recovered from them; 9 Serg. & Rawle, 236, 237; 16 Johns. 70; 3 Watts & Serg. 557; 9 Watts, 144; and a witness liable for costs is clearly incompetent. 1 Bin. 444; 11 Johns. 57, and cases already cited.

If the defendant is regarded as surety and the witness as principal, Riddle *v.* Moss, 7 Cranch, 206, decides the case; and if they are regarded as joint debtors, Smith *v.* Sillyman, 3 Whart. 589, decides it. In the last case, the plea was payment with leave, &c. The defence was failure of consideration, which, like the defence here, destroys the obligation. 1 Whart. 392; 2 Whart. 542; 1 McCord, 552; Peake's N. P. Cases, 174; 31 Eng. Com. Law, 203; 4 Cranch, 208, in note; 4 Cranch, 219; and 9 Serg. & Rawle, 237 and 383, are all against the plaintiff in error.

The testimony rejected did not sustain the defence. Had there been no evidence in the cause other than that found in the deposition, the plaintiff could have in perfect safety encountered the defendant on the plea of *non est factum.*

*June 25.* ROGERS, J.—In support of the plea of *non est factum,*

the defendant offered the deposition of Samuel Ely, jun., one of the co-obligors, which was rejected by the court, and this is the only point in which there is the semblance of error.   In rejecting the testimony on that plea, we think the court erred; because the objection assumes that which is the matter in issue, viz., that the instrument on which suit is brought is the joint and several bond of the obligors. But notwithstanding the mistake of the court in overruling the deposition for the reason alleged, we see no cause for reversing the judgment; for if the deposition had been received, we are of opinion, that so far from proving the non-execution of the bond by the defendant, it would have proved directly the reverse.   In answer to the question of the defendant, "Did your father sign these bonds?" the witness says, "I cannot say, but at that time he did not."   It seems, from the evidence, the bond was signed at different times by the obligors; and that there were four bonds.   This answer would seem to imply, that at some other time he did sign the bonds.  .But it does not rest on inference alone, for on the cross-examination he says, "My name is the first on all the bonds.   I was acquainted with my father's handwriting.   The second name looks like my father's handwriting."   It is true, that where there is a spark of evidence it must go to the jury; but if there is a spark here, it is an extinguished one, the evidence of which does no injury to the defendant.   In truth, the deposition would be such evidence on the point of execution, if alone and unsupported, as would entitle the plaintiff to a' verdict on this plea.

Judgment affirmed.